## (May 27, 1964)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD H. ROGERS, Appellant.— At about 9:00 P.M. on August 28, 1959, one Maude Judson, an aged lady, was allegedly robbed at gunpoint in her home in Horseheads,

New York. Following her identification of defendant as the perpetrator of the act he was indicted by a Grand Jury for the crimes of robbery in the first degree, grand larceny in the first degree, carrying a concealed loaded pistol without a written license therefor and assault in the second degree. Under a waiver of his right to a jury trial (N. Y. Const., art. I, § 2) defendant was tried before the County Court of Chemung County and convicted of robbery and grand larceny as charged in the indictment and of the misdemeanor of carrying a concealed weapon. The trial court held that the charge of assault merged with the crime of robbery and accordingly dismissed this count of the indictment. Upon appeal defendant argues that the trial court erred in permitting two members of the State Police to testify that some days after the event the complaining witness had identified defendant while he was confined in the Broome County jail and in defendant's absence by means of photographs submitted for her inspection at a police substation. This testimony of prior identification was improperly received (*People* v. *Trowbridge*, 305 N. Y. 471; *People* v. *Cioffi*, 1 N Y 2d 70). Its erroneous reception, even if adequately objected to, does not, in our judgment, necessitate a new trial. Mrs. Judson unerringly and positively identified defendant as her assailant in the process of viewing a group of prisoners at the jail and without equivocation reidentified him at the trial. The evidence erroneously admitted added little if any weight to evidence, amply sufficient to establish defendant's guilt beyond a reasonable doubt. The errors therefore are disregarded. (*People* v. *Vanderborg*, 301 N. Y. 750; Code Crim. Pro., § 542.) We have examined appellant's other contentions and find them to be unsustainable. Judgment affirmed. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.